UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEONDRE L. COLEMAN,

    Petitioner,                                  Civil No. 2:16-CV-10608
                                                  HONORABLE PAUL D. BORMAN
v.                                                UNITED STATES DISTRICT JUDGE

LORI GIDLEY,

    Respondent,
_____/

<u>OPINION AND ORDER DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS AS DUPLICATIVE, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS</u>

I.  Introduction

Deondre L. Coleman, ("Petitioner"), confined at the Central Michigan Correctional Facility in St. Louis, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction out of the Oakland County Circuit Court for first-degree retail fraud and possession of less than 25 grams of cocaine.

Petitioner previously filed a petition for writ of habeas corpus, challenging these convictions. This action remains pending before Judge Gershwin A. Drain. *See Coleman v. State of Michigan,* No. 2:16-CV-10345 (E.D. Mich.). A decision has yet to be reached in that case.

Petitioner has now brought the instant petition, which raises the identical claims that he raised in his petition before Judge Drain.

II.  Discussion

The instant petition is subject to dismissal because it is duplicative of petitioner's pending habeas action before Judge Drain.

1

A suit is duplicative, and thus subject to dismissal, if the claims, parties, and available relief do not significantly differ between the two actions. *See Barapind v. Reno*, 72 F. Supp. 2d 1132, 1145 (E.D. Cal. 1999)(internal citations omitted).  Petitioner's current habeas petition is subject to dismissal as being duplicative of his still pending first habeas petition, because both cases seek the same relief. *Id.; See also Davis v. U.S. Parole Com'n*, 870 F. 2d 657 (Table), No. 88-5905, 1989 WL 25837, at *1 (6th Cir. Mar. 7, 1989) (district court can properly dismiss a habeas petition as being duplicative of a pending habeas petition, where the district court finds that the instant petition is essentially the same as the earlier petition); *Rogers v. Davis,* No. 07-CV-11188, 2007 WL 1152908, at *1 (E.D. Mich. Apr. 18, 2007) (same).  The instant petition challenges the same convictions and raises the same claims as the petition in the case pending before Judge Drain.  Accordingly, this petition for writ of habeas corpus will be dismissed.

### III.  Conclusion

The Court will summarily dismiss the petition for writ of habeas corpus.  The Court will also deny a certificate of appealability to petitioner.  In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the

petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court denies petitioner a certificate of appealability because his current petition is duplicative of his still pending habeas petition before Judge Drain. *See Maske v. Murphy*, 357 F. App'x. 981, 982-83 (10th Cir. 2009). The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *See Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

## IV. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is SUMMARILY DISMISSED AS DUPLICATIVE of the case of *Coleman v. State of Michigan,* 2:16-CV-10345 (E.D. Mich.), currently pending before Judge Gershwin A. Drain.

IT IS FURTHER ORDERED That a certificate of appealability is DENIED.

IT IS FURTHER ORDERED that Petitioner will be DENIED leave to appeal *in forma pauperis.*

SO ORDERED

                s/Paul D. Borman
                PAUL D. BORMAN
                UNITED STATES DISTRICT JUDGE

Dated: March 3, 2016

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 3, 2016.

                s/Deborah Tofil
                Case Manager